VICENTE ALVAREZ and ANTÓN ALVAREZ, Petitioners and Appellants, *v.* ANDRÉS LUGO, Warden of the District Jail of San Juan, Respondent and Appellee.

No. 4063.   Argued June 4, 1930.—Decided June 26, 1930.

*J. Valldejuli* for petitioners.   *R. A. Gómez* for appellee.

MR. JUSTICE TEXIDOR delivered the opinion of the Court.

Vicente Alvarez and Antón Alvarez were tried *de novo* on appeal in the District Court of San Juan on a charge of aggravated assault and battery; and that court rendered a judgment as follows:

"This case was called for trial and the *fiscal* Romaní and the defendants appeared. The information was read and the defendants entered a plea of not guilty. After hearing the evidence the court finds the defendants guilty of aggravated assault and battery and sentences them to pay a fine of $500 and, in default of payment thereof, to be confined in jail one day for each dollar of the fine remaining unpaid, said imprisonment not to exceed 90 days, with half of the costs to each of the defendants."

The clerk of the said court issued a separate warrant of commitment for each defendant, stating therein that he had been sentenced to pay a fine of $500 or to be confined in jail one day for each dollar of the fine remaining unpaid, said imprisonment not to exceed ninety days.

Vicente and Antón Alvarez filed in this court a petition for a writ of habeas corpus, which was granted on July 16, 1929, 39 P.R.R. 846, and thereafter, in execution of its judgment of September 16, 1926, the District Court of San Juan ordered the clerk to issue to the marshal a warrant for the arrest of the defendants and their commitment in the district jail of San Juan, and to enclose therewith a certified copy of the judgment, which was done. The defendants were arrested and then applied to that court for a writ of habeas corpus. They alleged that they had been illegally deprived of their liberty, because they had not been convicted by a court of competent jurisdiction; that the judgment by virtue whereof they had been imprisoned was void, in that it failed to specify the fine imposed on each defendant and is uncertain and indefinite; that the clerk of the district court had no authority to interpret a judgment; that it did not appear from any record of the court that any lawful judgment had been rendered against the defendants; that in the habeas corpus proceeding instituted by them in this court an order was issued for the discharge of the petitioners, and that this court did not authorize any other court to order their arrest; that the Supreme Court erred in holding by its decision in the said habeas corpus proceeding that the phrase "with half of the cost to each of the defendants" refers also to the $500 fine; that this court has ordered the unconditional discharge of the defendants without empowering any other court to decree their imprisonment, and that in saying "without prejudice to the right of the district court to deliver a certified copy of the original judgment rendered to the official who has the duty to execute it", it only adverted to a general principle; that to imprison the petitioners anew is equivalent to subjecting them to a punishment of which they had been exonerated.

After a hearing the court denied the petition, and thereupon the petitioners took the present appeal.

Against the decision of the lower court the appellants

have assigned three errors as follows: (1) In holding as valid and effective the judgment of April 8, 1928, rendered in the criminal case; (2) in declaring that the Supreme Court did not decree the discharge and freedom of the defendants by its judgment in the habeas corpus proceeding; and (3) in holding that the district court had power to enforce its judgment without any directions therefor from the Supreme Court.

In *Ex parte Alvarez*, 39 P.R.R. 846–847, a habeas corpus proceeding, we said:

"While we agree that the said judgment is not as clear as it might be, yet by its concluding words 'to each of the defendants' the intention of the court was displayed to impose, not a joint penalty, but a fine of $500 upon each of the defendants. It would be absurd to suppose that a sentence of ninety days was to be undergone jointly by the two defendants, or that the court was imposing a fine that was to be paid indiscriminately by the defendants especially where one paid and the other did not; so that the petitioners are not entitled to release on habeas corpus because of the supposed defective judgment."

The wording of that decision is, in our opinion, clear and precise. The judgment, we said, "is not as clear as it might be." This does not mean that the judgment was unintelligible or contradictory, but only that it *might* have been clearer; that the intention of the court had been to impose a separate penalty on each of the defendants, and that it so appeared from the judgment itself. The joint or collective punishment for offenses does not exist, nor would it be recognized under the modern tenets of criminal law. No court could impose a joint or collective sentence, and no judgment could properly be so construed. Without resorting to construction, it may be declared that a fine of $500 was imposed by the judgment herein on each of the defendants.

In the said decision of this court, we concluded that it was not the judgment, but the order for its execution, that

was defective and did not comply with the provisions of the statute. That was the ground for our decision.

This court did not decree the unconditional discharge claimed by the appellants in the sense of an absolute release from custody, or of an exoneration of the penalty imposed. The petition of the defendants was granted and their release ordered, because the warrant for their commitment was defective, but "without prejudice to the right of the district court to deliver a certified copy of the original judgment rendered to the official who has the duty to execute it." This court had the power to render such a decision. If that decision was erroneous, there were legal means available to the petitioners for having it corrected, but never by applying to the district court for that purpose.

The appellants have invoked some of our decisions. The cases of *Ex parte Aranzamendi*, 8 P.R.R. 435, and *Ex parte Rolón*, 9 P.R.R. 182, do not favor them. It should be noticed that in these cases it was even declared that the defendants were "definitely discharged", and that has not been done in the case herein.

A specific order from this court was not required for the district court to enforce its judgment. But if any formal authority was necessary, it was furnished by the concluding words of our judgment, which presupposed the power of the lower court to enforce its judgment in due form of law, previously disregarded by the clerk.

The judgment appealed from must be affirmed.